**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ILIE SITARIU,

                            Plaintiff,

          - v -                           Civ. No. 1:18-CV-600
                                                    (MAD/DJS)

TEJINDER BAINS,

                            Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

ILIE SITARIU
Plaintiff, *Pro Se*
22162-052
Moshannon Valley Correctional Facility
555 GEO Drive
Philipsburg, PA 16866

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff Ilie Sitariu. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 5, IFP App. By separate Order, dated July 12, 2018, this Court granted Plaintiff's Motion to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court also has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff is presently an inmate in the custody of the Federal Bureau of Prisons. Compl., at p. 1. Defendant is his one-time former criminal counsel. *Id.* at p. 4 n. 3. The factual allegations, though at times in a rather confusing fashion, detail a series of disputes

between Plaintiff and Defendant regarding the terms of the retainer agreement between the parties, what payments had or had not been made to Defendant, Defendant's management of the funds he was paid, and Defendant's performance as Plaintiff's counsel. *See generally id.* at pp. 2-10. The Complaint purports to assert claims for breach of contract, fraud, and legal malpractice. *Id.*

### C. Sufficiency of the Pleading

Plaintiff's Complaint asserts that this Court has subject matter jurisdiction of the claims under 28 U.S.C. § 1332, the diversity statute. Because the Complaint as it presently stands fails to adequately allege the requisites for diversity jurisdiction, the Court recommends that the Complaint be dismissed with leave to amend.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

>     (1) citizens of different States;
>     (2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

### *1. Diversity of Citizenship*

"The party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (citing *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.1998)). "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.'" *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (quoting *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir.2009)). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

The Complaint fails to properly demonstrate complete diversity. While Plaintiff alleges that he is currently incarcerated in the State of Pennsylvania, Compl. at p. 1, "[i]t is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile." *Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253–54 (E.D.N.Y. 2004); *see also Gagliardi v. Ward*, 967 F. Supp. 67, 69 (N.D.N.Y. 1997) (a "prisoner retains the domicile he had at the time of incarceration"). The Complaint is devoid of any allegation

regarding what Plaintiff's domicile was prior to his incarceration. Nor is there any allegation that he intends to remain and make his domicile the State of Pennsylvania. *See Gutierrez v. Fox*, 966 F. Supp. 214, 217 (S.D.N.Y. 1997) ("Domicile requires two elements: the party's physical presence in the state and the intent to remain in the state indefinitely.").

Moreover, "[n]owhere in the Complaint did Plaintiff[] delineate the domicile[] . . . of . . . Defendant[]. The pleading is therefore insufficient to establish this Court's jurisdiction." *Cooper v. 6 W. 20th St. Tenants Corp.*, 1995 WL 75477, at *3 (S.D.N.Y. Feb. 22, 1995) (citing cases). While Plaintiff identified the location of Defendant's law office in New York City, the firm is not a party and so it is the individual defendant's domicile, not his business address, that is relevant to the diversity question. *Petrancosta v. Malik*, 2012 WL 1339441, at *2 (M.D. Pa. Apr. 18, 2012) ("averring that an individual has a place of business in a state is not tantamount to alleging each individual's citizenship."); *Montgomery v. Scialla*, 2017 WL 3720178, at *3 (N.D. Ill. Aug. 29, 2017) (similar).

Accordingly, the Complaint fails to adequately allege complete diversity.

### 2. Amount in Controversy

The Complaint also does not adequately allege that the amount in controversy exceeds $75,000 as required by section 1332(a). The precise amount of damages sought is unclear. In the section of the Complaint captioned "Relief Requested" Plaintiff identifies several categories of damages, though how those figures are to be calculated is not entirely clear. *See* Compl. at p. 11. Viewed in the light most favorable to Plaintiff he alleges a total of $31,500 in actual compensatory damages. He also alleges $100,000 in punitive damages.

*Id.* Ultimately, therefore, Plaintiff must rely upon his request for punitive damages to elevate his claims over the statutory threshold. While Federal courts are clear that they will consider the addition of punitive damages as part of the jurisdictional prerequisite where such damages are permitted under the controlling law of the state, they will nevertheless review such punitive damage claim with "heightened scrutiny." *Nwanze v. Time, Inc.,* 125 Fed. Appx. 346, 348-49 (2d Cir. 2005).

Plaintiff's claim is based, at least in part, upon an alleged breach of contract. *See* Compl. at pp. 7 & 12. With regard to Plaintiff's breach of contract causes of action, the amount of damages would be limited to Plaintiff's actual damages, as well as any consequential damages. *See Thalle Const. Co., Inc. v. Whiting-Turner Contracting Co., Inc.*, 39 F.3d 412, 418 (2d Cir. 1994) ("speculation will not be indulged and damages will be limited to damages actually proven.") (*quoting Fehlhaber Corp. v. State,* 69 AD2d 362, 370 (3d Dep't 1979)). Under New York law, to state a claim for punitive damages arising from a breach of contract, the pleadings must show, *inter alia*, "egregious conduct . . . directed at the public generally." *N.Y. Univ. v. Cont'l Ins. Co.,* 87 N.Y.2d 308, 316 (1995). The same is true of causes of action concerning breaches of fee agreements and legal malpractice, *Williams v. Coppola*, 23 A.D.3d 1012, 1013 (4th Dep't 2005), and fraud. *Martin v. Dickson*, 2003 WL 24053016, at *2 (N.D.N.Y. Jan. 21, 2003). Even liberally construed, the allegations of the Complaint are not sufficient to reach this threshold. These allegations are highly fact-specific relating to fee arrangements between Plaintiff and Defendant and the accounting of those funds and provide no basis for finding that the alleged conduct was

aimed at the public generally. As such, it is not clear that the punitive damages pled by Plaintiff could be recovered in this action.

For these reasons, the Court recommends that the Complaint be dismissed for lack of subject matter jurisdiction.

### 3. Leave to Amend

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991)). Here, Plaintiff may be able to cure the deficiencies in his pleading regarding establishing diversity jurisdiction and so it is recommended that Plaintiff be granted leave to amend to do so.

The Court notes that the substantive allegations Plaintiff seeks to make are not clear. Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages. Plaintiff is referred to FED. R. CIV. P. 8 and 10 as to the proper form for his pleadings.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed due to lack of jurisdiction, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 13, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).