**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ILIE SITARIU,**

                                        **Plaintiff,**

          **vs.**                                                 **1:18-CV-600**
                                                                      **(MAD/DJS)**

**TEJINDER BAINS,**

                                        **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**ILIE SITARIU**
22162-052
Moshannon Valley Correctional Facility
555 GEO Drive
Philipsburg, Pennsylvania 16866
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action *pro se* on May 21, 2018, against Tejinder Bains.  *See* Dkt.

No. 1.  Plaintiff asserts claims arising out of a dispute over the terms of the retainer agreement

between Plaintiff and Defendant during Defendant's previous legal representation of Plaintiff.

*See id.*  On July 13, 2018, Magistrate Judge Stewart granted Plaintiff's application to proceed *in*

*forma pauperis* and reviewed the sufficiency of the complaint.  *See* Dkt. No. 9.  In his review,

Magistrate Judge Stewart recommended that the complaint be dismissed in its entirety with leave

to amend.  *See id.* at 9.  Plaintiff has not filed objections to the Report-Recommendation and

Order.

In his complaint, Plaintiff appears to assert claims for breach of contract, fraud, and legal

malpractice.  *See* Dkt. No. 1 at 2-10.  In his prayer for relief, Plaintiff requests $17,500 in actual

damages and $100,000 in punitive damages.  *See id.* at 11.  Magistrate Judge Stewart

recommended that the complaint be dismissed with leave to amend because the complaint fails to adequately allege the facts necessary to establish subject matter jurisdiction.  *See* Dkt. No. 9 at 4.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]  "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen* 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Plaintiff cites 28 U.S.C. § 1332, as the basis for jurisdiction in this matter. *See* Dkt. No. 1 at 1. Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, and the case is between

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different states.

28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that the basis for diversity jurisdiction is that he is currently a federal prisoner incarcerated in Moshannon Valley Correctional Facility in Pennsylvania and Defendant is a practicing attorney in New York. *See* Dkt. No. 1 at 1-2. These allegations are insufficient to establish diversity jurisdiction. The Second Circuit has held that the "'the domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison.'" *Denlinger v. Brennan*, 87 F.3d 214, 216 (2d Cir. 1996) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991)). When the complaint fails to delineate the domicile of a party, the pleading is insufficient. *See Bowen v. Yellow Freight Systems, Inc.*, 101 F.3d 685 (2d Cir. 1996); *Lindardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (citation omitted). Plaintiff alleges that Defendant is licensed to practice law in the State of New York, but does not identify where Defendant's domicile for purpose of establishing diversity jurisdiction. *See* Dkt. No. 1 at 2. Based on the foregoing, the

Court finds that Plaintiff's pleading is insufficient to establish citizenship of the parties as is necessary under 28 U.S.C. § 1332.

Magistrate Judge Stewart also found that Plaintiff's complaint does not adequately allege that the amount in controversy exceeds $75,000. *See* Dkt. No. 9 at 6. "'A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Magistrate Judge Stewart found that, viewed in the light most favorable to Plaintiff, the complaint alleges a total of $31,500 in compensatory damages. *See* Dkt. No. 9 at 6. Plaintiff is also seeking punitive damages in the amount of $100,000. *See* Dkt. No. 1 at 11. "Potentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law." *Bindrum v. American Home Assur. Co. Inc.*, 441 Fed. Appx. 780, 782 (2d Cir. 2011) (citing *A.F.A. Tours, Inc. V. Whitchurch*, 937 F.3d 82, 87 (2d Cir. 1991)). Under New York law, "[p]unitive damages are recoverable if the conduct was 'aimed at the public generally.'" *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603 (1994) (citation omitted). "Punitive damages are available where the conduct constituting, accompanying, or associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available, and is sufficiently egregious under the *Walker* standard to warrant the additional imposition of exemplary damages." *Id*. As Magistrate Judge Stewart notes, Plaintiff's allegations are not sufficient to reach this threshold, even when liberally construed. *See* Dkt. No. 9 at 7.

Upon review of Magistrate Judge Stewart's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Stewart correctly recommended that the Court should dismiss Plaintiff's complaint in its entirety with leave to amend. *See* Dkt. No. 9 at 9. For the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed without prejudice; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file his amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 10, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge