**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ILIE SITARIU,

                              Plaintiff,

         - v -                                       Civ. No. 1:18-CV-600
                                                                   (MAD/DJS)

TEJINDER BAINS and THE LAW OFFICES OF
ALI AND BAINS, P.C.,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

ILIE SITARIU
Plaintiff, *Pro Se*
22162-052
Moshannon Valley Correctional Facility
555 GEO Drive
Philipsburg, PA 16866

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Plaintiff *pro se* Ilie Sitariu filed a Complaint on May 21, 2018. Dkt. No. 1, Compl. Pursuant to 28 U.S.C. § 1915(e) this Court conducted a *sua sponte* review of the sufficiency of the Complaint and recommended that the Complaint be dismissed with leave to replead. Dkt. No. 8, "Report-Rec." The basis for that recommendation was that the Complaint failed to properly plead the existence of diversity jurisdiction under 28 U.S.C. § 1332. *Id.* District Court Judge D'Agostino subsequently adopted the Report-Recommendation, dismissed the

Complaint, and granted Plaintiff leave to amend the complaint. Dkt. No. 10, "Order". An Amended Complaint was filed on September 14, 2018. Dkt. No. 11, Am. Compl. Having reviewed the Amended Complaint, the Court once again recommends that it be dismissed.

The same standards apply to the review of Plaintiff's Amended Complaint as applied to the review of his initial Complaint and need not be set forth again here.

The general requirements for diversity jurisdiction are that the amount in controversy in the matter must exceed $75,000 and the action must be between

>  (1) citizens of different States;
>  (2) citizens of a State and citizens or subjects of a foreign state;
>  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Citizenship for purposes of this statute is controlled by legal domicile. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

The original Complaint failed to properly allege the domicile of either Plaintiff or Defendant Tejinder Bains. Report-Rec. at pp. 5-6 & Order at pp. 3-4. The Amended Complaint partially corrects the earlier shortcomings by attempting to specifically allege Plaintiff's domicile and that of the newly added Defendant Ali & Bains, P.C. Am. Compl. at ¶¶ 1 & 3.

The Amended Complaint, however, continues to name Mr. Bains individually as a Defendant, but fails to identify his domicile. The Complaint simply identified Defendant Bains as an attorney licenced to practice law in New York. Compl. at p. 2. In exhibits to the

Complaint, Bains' business address was provided. *See id*. at Ex. A. The Amended Complaint essentially repeats the same allegations regarding Mr. Bains' status as an attorney in New York and his place of business. Dkt. No. 11 at ¶ 2. It contains no other allegations regarding Bains' domicile. The prior decisions in this case, however, made clear that "it is the individual defendant's domicile, not his business address, that is relevant to the diversity question." Report-Rec. at p. 6 (citing cases); *see also* Order at p. 3. Because the Amended Complaint fails to contain any allegation regarding Mr. Bains' domicile, as opposed to his business address, the Amended Complaint fails to adequately allege complete diversity.

This failure warrants dismissal of the action. This is a defect, however, that Plaintiff may be able to remedy, as his ability to do so regarding his own domicile in the Amended Complaint demonstrates. Because this presents a circumstance in which better pleading may cure the deficiency, dismissal with leave to amend a second time is warranted. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed due to lack of jurisdiction, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 11, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).